UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

FILED
2013 JAN -7 AM 10:08
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | |
|---|---|
| VIRGINIA REED, | |
| Plaintiff, | |
| v. | Case No. 3:13cv9 |
| AMERICAN CELLULAR, INC., | JURY DEMAND |
| Defendant. | |

## COMPLAINT

Plaintiff Virginia Reed, respectfully shows to this Honorable Court as follows:

### PARTIES

1. Plaintiff is a citizen and resident of Warren County, Tennessee.

2. Defendant AMERICAN CELLULAR, INC., is a for-profit Tennessee corporation with a principal address located at 1120 Murfreesboro Road, Franklin, Tennessee, 37064-3007. It is a retail agent for Verizon Wireless and sells cellular phones and accessories. It operates a business in McMinnville, Tennessee. Defendant's registered agent for service of process is Kimbrough L. Dunlap, III, 6 Colonel Winstead Drive, Brentwood, Tennessee, 37027-8936.

### JURISDICTION

3. This action arises under the Age Discrimination in Employment Act, 29 U.S.C. §623 (ADEA) and the Tennessee Human Rights Act, Tenn. Code Ann. §4-21-401 (THRA). Jurisdiction in this Court is founded on 28 U.S.C. §§1331 and 1367.

4. At all times material hereto Defendant was engaged in an industry affecting

commerce and had 20 or more employees for each working day in each of 20 or more calendar weeks in the then current or preceding calendar year.

5. All preconditions to jurisdiction have been satisfied in this case. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging employment discrimination on the basis of age and retaliation.

6. The EEOC issued a "right to sue" letter to Plaintiff on October 12, 2012.

7. Plaintiff filed this complaint within 90 days of receiving the "right to sue" letter from the EEOC.

## FACTS

8. At the time of the events complained of herein, Plaintiff, Virginia Reed, was a 61 year old white female. She was a member of the protected class under the ADEA.

9. Plaintiff began working for Defendant on January 31, 1999, as an Account Executive and worked her way up to Store Sales Manager. Her store in McMinnville was very productive. In March of 2010, her store was in first place among Middle Tennessee stores and fourth place company wide in quota achievement. In April 2010, it was the fourth highest producing store in Middle Tennessee, surpassing stores in places such as Hermitage, Lebanon, Sparta, Manchester, Murfreesboro, and Franklin, and was the tenth highest producing store for the first quarter of 2010 out of all 46 stores company wide..

10. Plaintiff was the only employee above age 60 within her district. There were no other employees within 15 years of her age within her district. Her District Manager, Sherry Riddle, made statements that it is her opinion that younger people, under age 40, work better in the wireless industry. She would often look for clues on resumes

when determining who to interview for job openings and would not allow Plaintiff to hire older workers in her store. She told Plaintiff that it was a waste of time to interview potential employees who were over 40 because they were too old for this type of business.

11. On June 1, 2010, Plaintiff was demoted from Store Sales Manager to Manager of Business Accounts Development.

12. Plaintiff was replaced in the Store Sales Manager position by a woman fifteen years her junior, Brenda Reed, who was 46 years of age.

13. On June 11, 2010, Plaintiff complained to Defendant's Human Resources Department that she felt she had been discriminated against on the basis of her age.

14. On June 30, 2010, Plaintiff was written up by Brenda Reed. Plaintiff alleges that she was written up as a direct result of her complaint of age discrimination in violation of the ADEA. Plaintiff has been written up for being too friendly to customers. She is subjected to constant and unfounded criticism and derision. She has been treated disrespectfully. On one occasion, the Store Manager insisted that Plaintiff's purse be searched for a bank bag which was actually missing prior to the time that Plaintiff arrived at work. Plaintiff believes that the Store Manager is deliberately attempting to make her working conditions so unpleasant that she will quit.

## CAUSES OF ACTION

### COUNT I: The Age Discrimination in Employment Act

21. Plaintiff alleges that age was an ultimate issue and a determining factor in Defendant's actions toward her in this case. Plaintiff avers that the proof will show that Defendant prefers to employ younger people.

22. In its actions toward Plaintiff, Defendant violated the provisions of 29 U.S.C. §623(a)(1), which makes it unlawful for an employer to discriminate against any individual with respect to her compensation, terms, conditions or privileges of employment, because of such individual's age.

23. Plaintiff avers that Defendant acted with reckless indifference toward her rights in its discriminatory actions toward her.

24. As a result of Defendant's discrimination on the basis of age, Plaintiff suffered and continues to suffer economic losses, embarrassment, humiliation, anxiety and other non-pecuniary losses.

### COUNT II: Retaliation

25. Plaintiff incorporates by reference paragraphs 1 through 24 as though fully set out herein.

26. Plaintiff avers that Defendant violated the provisions of 29 U.S.C. §623(d), which makes it unlawful for an employer to discriminate against an employee because such employee opposed age discrimination.

27. Plaintiff alleges that she has been unjustifiably written up repeatedly because of her complaint that she was demoted because of her age. She has been treated disrespectfully. She is constantly criticized and humiliated. She is treated differently from other employees. Plaintiff believes that she has been singled out for mistreatment in retaliation for her complaints of age discrimination and in a direct attempt to cause her to quit her job.

28. As a result of Defendant's retaliation against Plaintiff for her complaints of discrimination on the basis of age, Plaintiff has suffered and continues to suffer

economic losses, embarrassment, humiliation, anxiety and other non-pecuniary losses.

## COUNT III: The Tennessee Human Rights Act

29. Plaintiff incorporates by reference paragraphs 1 through 28 as though fully set out herein.

30. Plaintiff avers that, in its actions toward her, Defendant violated the provisions of Tenn. Code Ann. §4-21-401, which make it unlawful for an employer to fail or refuse to hire any individual or otherwise discriminate against any individual with respect to his/her compensation, terms, conditions, or privileges of employment, because of such individual's age.

31. Plaintiff avers that Defendant acted with reckless indifference toward her rights in its discriminatory actions toward her.

32. As a result of Defendant's discrimination on the basis of age, Plaintiff suffered and continues to suffer economic losses, embarrassment, humiliation, anxiety and other non-pecuniary losses.

WHEREFORE Plaintiff prays:

A. for all monetary damages to which she is entitled including compensatory damages, punitive damages and statutory liquidated damages, in an amount not to exceed $750,000.00;

B. for a reasonable attorney's fee and the costs of this action to be taxed against Defendant;

C. for a jury to try this cause; and

D. for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

GALLIGAN & NEWMAN

By: _____
MICHAEL D. GALLIGAN, BPR No.003181
SUSAN N. MARTTALA, BPR No. 012196
JOHN P. PARTIN, BPR No. 02921
M. TREVOR GALLIGAN, BPR No. 027243
309 West Main Street
McMinnville, TN 37110
(931) 473-8405

We are sureties for costs in this
cause, not to exceed $500.00

GALLIGAN & NEWMAN

By: _____
Michael D. Galligan