# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| VIRGINIA REED, | ) |
| | ) Case No. 3:13CV 9 |
| Plaintiff, | ) |
| | ) JUDGE NIXON |
| v. | ) |
| | ) MAGISTRATE JUDGE KNOWLES |
| AMERICAN CELLULAR, INC., | ) |
| | ) JURY DEMAND |
| Defendant. | ) |

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(1)(b)(2), the parties, through their attorneys of record, hereby submit the following proposed Initial Case Management Order.

**A. JURISDICTION**: Jurisdiction in the United States District Court for the Middle District is conferred under 28 U.S.C. §§1331 abd 1367. The cause of action alleged in this Complaint arose in the Middle District and accordingly venue in the Middle District Court is appropriate.

**B. PARTIES' THEORIES OF THE CASE**

1) **Plaintiffs' Theory of the Case**

It is Plaintiffs' position that Defendant has discriminated against her on the basis of her age. At the time the discrimination began, Plaintiff was 61 years old. She was demoted from Store Sales Manager to Manager of Business Accounts Development and was replaced in the Store Sales Manager position by a woman 15 years her junior. Plaintiff has heard her District Manager make statements that it is her opinion that younger people, under age 40, work better in the wireless

industry and that it is a waste of time to interview potential employees who are over age 40 because they are too old for the wireless industry. Further, when Plaintiff complained to Defendant's Human Resources Department that she felt she had been discriminated against on the basis of her age, she suffered retaliation. She has been written up by her Store Manager for being too friendly to customers. She is subjected to constant and unfounded criticism and derision. She is treated disrespectfully. Plaintiff asserts that she is being mistreated because of her age and because she complained about the age discrimination.

2) **Defendants' Theory of the Case**

Defendant denies that age was a factor in any of its actions regarding Virginia Reed. Defendant asserts that Plaintiff was not demoted, but was laterally transferred. Defendant further denies any retaliation against Plaintiff for her allegations of age discrimination, but rather asserts that any disciplinary action taken against her was for legitimate non-retaliatory reasons.

**C. ISSUES RESOLVED:** Jurisdiction and venue.

**D. ISSUES STILL IN DISPUTE:** Liability and damages.

**E. MANDATORY INITIAL DISCLOSURES:** Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 14 days after the intial case management conference.

**F. DISCOVERY**: The parties shall complete all written discovery and depose all fact witnesses on or before February 28, 2014. Discovery is not stayed during dispositive motions, unless ordered by the Court. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place ~~and the attorneys of record shall attend and meet,~~ face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues

in dispute and the reasons why those issues remain unresolved. *The deadline for filing discovery-related motions is 3/10/14.*

G. **MOTIONS TO AMEND**: The parties shall file all Motions to Amend on or before December 6, 2013.

H. **DISCLOSURE OF EXPERTS**: The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before December 16, 2013. The Defendants shall identify and disclose all expert witnesses and reports on or before January 17, 2014.

I. **DEPOSITIONS OF EXPERT WITNESSES**: The parties shall depose all expert witnesses on or before February 28, 2014.

J. **DISPOSITIVE MOTIONS**: The parties shall file all dispositive motions on or before April 18, 2014. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. ~~No motion for partial summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court~~.

K. **ELECTRONIC DISCOVERY**: The parties will comply with Administrative Order 174, except that the first sentence of Paragraph 6 of Administrative Order 174 shall be changed to read in its entirety as follows:

> Electronically stored information shall be produced to the requesting party in whatever format such information is kept in the ordinary course of business, or whatever format is most convenient to the party producing the information in order to gather the information as it is stored in the ordinary course of business.

L. **ESTIMATED TRIAL TIME**: The parties expect the trial to last approximately 3-4 *days.*

M. *TRIAL: This case is set for jury trial on August 26, 2014, before Judge Nixon. The pretrial conference is set for August 15, 2014, at 10:00 a.m.*

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

Approved for Entry:


GALLIGAN & NEWMAN

By:  s/ Michael D. Galligan
     Michael D. Galligan #3181
     309 West Main Street
     McMinnville, TN 37110
     (931) 473-8405
     (931) 473-1888 (facsimile)
     *Attorneys for Plaintiff*



BUTLER, SNOW, O'MARA, STEVENS
     & CANNADA, PLLC

By:  s/ H. Rowan Leathers, III
     H. Rowan Leathers, III #10023
     The Pinnacle at Symphony Place
     150 Third Avenue South, Suite 1600
     Nashville, TN 37201
     (615) 651-6718
     *Attorneys for Defendant*